# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

In re:                                                    Case No.: 19-13770-MAM

**EAGLE ARTS ACADEMY, INC.**

    **Debtor.**

_____

### <u>TRUSTEE'S NOTICE OF INTENT TO SERVE SUBPOENA</u>

    TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45(a)(4), Michael R. Bakst, Trustee in Bankruptcy for Eagle Arts Academy, Inc. ("Trustee"), by and through undersigned counsel, provides notice upon all interested parties in this Chapter 7 bankruptcy proceeding by Fed. R. Bankr. P. 9016, that the Trustee will serve a Subpoena in this Bankruptcy Case (for use in this case or in any Adversary Proceeding) directed to the following non-party:

:**Annette M. Iraola**
**Registered Agent/Mgr.**
**Wellington School Property LLC**
**6457 Sunset Drive**
**Miami, Fl 33143**
**who shall designate the person or persons on behalf of Wellington School Property LLC**
**with the most knowledge as to the existence of personal property located at 1000**
**Wellington Trace, Wellington, Fl 33414**

    The subpoena is expected to be served during the week of July 8, 2019. A true and correct copy of the subpoena is attached hereto and reflects the materials sought.

    I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

40478965.1

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all parties listed below in the manner indicated on the _26_ day of _June_, 2019.

GREENSPOON MARDER LLP

MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
Attorney for Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
(561) 838-4523
michael.bakst@gmlaw.com29511-0514 emb

**Electronic Mail Notice List**

- Michael R Bakst    efilemrb@gmlaw.com,
  ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386
  @gmlaw.com
- Michael R. Bakst    efileu1094@gmlaw.com,
  ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386
  @gmlaw.com
- Rilyn A Carnahan    rilyn.carnahan@gmlaw.com,
  efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435
  @gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gml
  aw.com;efileu2299@gmlaw.com
- Charles I Cohen    ccohen@furrcohen.com,
  rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;ltitus@furrcohen.com;wschnapp
  @furrcohen.com
- Adam D Farber    afarber@adamfarberlaw.com,
  elise@adamfarberlaw.com,adamfarberlaw@gmail.com,5831893420@filings.docketbird.
  com;farberar77622@notify.bestcase.com
- Ned R Nashban    NNashban@baritzcolman.com, service@baritzcolman.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- David Neal Stern    dnstern@fwblaw.net,
  mkassower@fwblaw.net;rbyrnes@fwblaw.net;davidnstern@gmail.com

40478965.1

**Manual Notice List**

William J Berger
Weiss, Handler & Cornwell, P.A.
2255 Glades Rd #218
Boca Raton, FL 33431

Soneet Kapila
1000 S Federal Hwy #200
Fort Lauderdale, FL 33316

Annette M. Iraola
Registered Agent/Mgr.
Wellington School Property LLC
6457 Sunset Drive
Miami, Fl 33143
**By process server**

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                  Case No.: 19-13770-MAM

EAGLE ARTS ACADEMY, INC.

    Debtor.

_____

### SUBPOENA FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

To: Annette M. Iraola
    Registered Agent/Mgr.
    Wellington School Property LLC
    6457 Sunset Drive
    Miami, Fl 33143

[X]  *Testimony:* **YOU, who shall designate the person or persons on behalf of Wellington School Property LLC with the most knowledge as to the existence of personal property located at 1000 Wellington Trace, Wellington, Fl 33414 AND ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1

| | |
|---|---|
| PLACE<br>**Greenspoon Marder LLP**<br>**525 Okeechobee Blvd., Suite 900**<br>**West Palm Beach, FL 33401** | DATE AND TIME<br>**July 16, 2019 at 2:00 p.m.** |

The examination will be recorded by this method:  Transcript by Court Reporter

[X]  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**ALL DOCUMENTS ON THE ATTACHED EXHIBIT "A"**

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___6/26/19___

    CLERK OF COURT

                           OR

_____          _____
   *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

_____

The name, address, email address, and telephone number of the attorney representing Michael R. Bakst, Trustee in Bankruptcy for Eagle Arts Academy, Inc. who issues or requests this subpoena, is:

Michael R. Bakst, Esq.; 525 Okeechobee Blvd., Suite 900; West Palm Beach, FL 33401
Phone: 561-838-4523; Email: michael.bakst@gmlaw.com
**Notice to the person who issues or requests this subpoena**

Page 1 of 8

LF-84 (rev. 12/01/15)

40473429v1

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

29511-0514 emb

LF-84 (rev. 12/01/15)

40473429v1

## EXHIBIT "A"

**NOTE: IN ADDITION TO ANY PERIODS OF TIME
REFERENCED IN EACH REQUEST BELOW, THE
DEPONENT IS TO PROVIDE DOCUMENTATION
FOR THE CURRENT YEAR AS WELL.**

1.      Your complete file, including all emails, texts, contracts, inventories and photographs evidencing and relating to the purchase of the Real Property located at 1000 Wellington Trace, Wellington, Fl 33414, including anything demonstrating items of personal property within the subject location on the date of your purchase of same, through to the current date.  The Trustee is not seeking any attorney client privileged communications from you.

LF-84 (rev. 12/01/15)

40473429v1

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For Access to Subpoena Materials
Fed. R. Civ. P. 45(a) Committee Note (2013)

Page 3 of 8

LF-84 (rev. 12/01/15)

40473429v1

• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

Page 4 of 8

LF-84 (rev. 12/01/15)

40473429v1

## DEFINITIONS AND INSTRUCTIONS

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. The word "document" or "documents" shall mean the original of information recorded in a tangible form including, but not limited to, information printed, typewritten, handwritten, photographed, filmed, recorded by electronic means upon a tape or disk or any other means of recording and shall include (but not be limited to): letters; memoranda; handwritten notes; agreements; deeds; contracts; books; pamphlets; brochures; newspapers; magazines, periodicals, catalogs, price lists, checks, cancelled checks, invoices, sales receipts, charge receipts, personal receipts, bank records, tapes, computer printouts, data cards, programs or other input or output of data processing systems, photographs (positive prints or negative), transcripts or interviews or testimony before any person, officer or body whether sworn or unsworn, written statements or notes of interview or testimony, diaries, calendars, logs, expense records or other financial data, charts, graphs, maps, drawings or other representational depiction, telephone records, telegrams, magnetic tape, drum or disk records, motion picture film, microfilm or microfiches. The term "document" or "documents" shall also mean every copy or a document where such copy is not an identical duplicate of the original. A document is considered to be in the deponent's possession, custody or control if deponent or its agents, attorneys or other representatives, have a right or privilege to examine it upon request or demand.

B. "Communication" means all written or oral communications however informal, including without limitation to the foregoing, correspondence, memoranda, notes, telegraphs, telephone conversations, negotiations, meetings or other oral communications, emails, text messages, instant messages on social media of any kind, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications, which are in any manner evidenced by, or referred to in a document, whether prepared in anticipation of, during, or subsequent to such communications.

C. "Refer, relate or pertain" means any document which is responsive in any way to the subject matter of any request, including without limitation to the foregoing, all documents which contain, record, reflect, summarize, evaluate, comment upon, transmit, or discuss the subject matter of

LF-84 (rev. 12/01/15)

40473429v1

any request, as well as drafts, work papers, or other prepared materials, exhibits shown or circulated at any meeting, and the text or notes of any oral or written presentation or conversation.

D.      The word "debtor" shall include any or all debtors set forth in the caption of this pleading.

E.      The word "you" shall include any and all individuals or representative of any entity noticed for examination under oath by this pleading.

F.      It is requested that to the extent possible, all documents produced in response to each specific request be arranged in separate categories identified by the paragraph number of the request to which such documents are responsive.

G.      If any document is withheld under claim of privilege, the privilege invoked shall be stated and each such document shall be identified by date, author, addressee, copyee, subject matter (without disclosing its contents) sufficient to allow its description to the Court for ruling there on, present location, custodian and each person who has seen it.

H.      If any documents requested have been destroyed, the deponent shall produce all documents which relate to the date or proposed date of and/or the reasons for such destruction.

I.      The singular includes the plural and the plural includes the singular.

J.      The masculine includes the feminine.

K.      Where the word "any" is used in a request, it includes all documents so described.

L.      Each document requested herein is requested to be produced in its entirety and without deletions or exclusions, regardless of whether or not debtor considers the entire document to be relevant to this case or responsive to these requests.

M.      These requests are deemed to be continuing in nature, calling for further responses at such time as additional documents become known or reasonably available.

LF-84 (rev. 12/01/15)

40473429v1